**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| MARIA DEL PILAR NOYOLA-CISNEROS *o/b/o* C.M.C., | : | |
| Petitioner, | : | |
| v. | : | Case No. 4:26-cv-1065-CDL-ALS |
| Warden, STEWART DETENTION CENTER, *et al.*, | : | |
| Respondents. | : | |

## RECOMMENDATION OF DISMISSAL

On August 3, 2026, the Court received a purported application for habeas corpus relief under 28 U.S.C. § 2241 filed by Maria Del Pilar Noyola-Cisneros as next friend for C.M.C. (ECF No. 1). At that time, C.M.C.'s place of detention was Stewart Detention Center in Lumpkin, Georgia. *Id.* at 2, ¶ 1. Because Ms. Noyola-Cisneros did not seek permission to file the application as next friend, and because the Court found that Ms. Noyola-Cisneros did not meet the standard for appearing as next friend for C.M.C., on August 4, 2026, the Court ordered Ms. Noyola-Cisneros to file a motion requesting permission to proceed as next friend and a brief which addressed the requirements to show next friend status, or to submit an application for habeas relief that was signed by C.M.C. within twenty-one (21) days. (ECF No. 4.)

The time for compliance passed without a response from Ms. Noyola-Cisneros. Of greater importance, however, is the fact that as of September 28, 2026, Petitioner's name does not appear on the U.S. Immigration and Customs Enforcement Online Detainee Locator System.U.S. Immigration & Customs Enforcement,

https://locator.ice.gov/odls/#/search (last accessed September 21, 2026). This indicates that in all likelihood, the reason for filing a next friend application on behalf of C.M.C. is moot. It is therefore recommended that this case be dismissed without prejudice. *See* Fed. R. Civ. P. 41(b) (allowing for involuntary dismissal for a plaintiff's failure to prosecute or comply with a court order).

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. Any objection should be no longer than TWENTY (20) PAGES in length. *See* M.D. Ga. L.R. 7.4. The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 28th day of September, 2026.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE